UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL LUDWIG,

       Plaintiff,

vs.                                      Case No. 07-15317
                                      Hon. Julian Abele Cook

TOWNSHIP OF VAN BUREN,
A Municipal Corporation

       Defendant.
_____/

| | |
|---|---|
| MICHAEL L. DONALDSON (P35780) | DAVID J. SZYMANSKI (P40734) |
| Attorney for Plaintiff | Attorneys for the Defendant |
| 31564 Schoolcraft | Sommers, Schwartz, P.C. |
| Livonia, MI 48150 | 2000 Town Center, Suite 900 |
| (734) 261-8140 | Southfield, MI 48075 |
| chipper31@ameritech.net | (248) 355-0300 |
| | dszymanski@sommerspc.com |

_____/

**ANSWER TO COMPLAINT, JURY**
**DEMAND AND AFFIRMATIVE DEFENSES**

    NOW COMES Defendant Charter Township of Van Buren, by and through its attorneys, Sommers, Schwartz, P.C., and, for its Answer to the Plaintiff's Complaint, states as follows:

    1.    In answering paragraph 1, the Defendant can neither admit nor deny the allegations contained therein, having insufficient knowledge upon which to plead, and leaves the Plaintiff to her proofs.

    2.    In answering paragraph 2, the Defendant admits the allegations contained therein, except as to the conclusory allegation regarding actions under the "color of law," which are denied as improper.

    3.    In answering paragraph 3, the Defendant can only admit that this Court has jurisdiction over matters involving alleged violations of the of the U.S. Constitution, but the Defendant denies that it has engaged in any such violations as alleged by the Plaintiff.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

4. In answering paragraph 4, the defendant can only deny the improperly conclusory allegations contained therein.

5. In answering paragraph 5, the Defendant admits that Plaintiff's claim to attorney fees is based on 42 U.S.C. 1988, but the Defendant denies that the Plaintiff is entitled to an award of attorney fees based on 42 U.S.C. 1988 or on any other basis.

6. In answering paragraph 6, the Defendant admits only that the Plaintiff's Complaint purports to set out a claim for an entitlement to monetary damages, which entitles the Defendant to a trial by jury in this action.

7. In answering paragraph 7, the Defendant admits only that the Plaintiff alleges that venue is "appropriate in this district."

8. In answering paragraph 8, the Defendant denies as untrue the allegations contained therein.

## COMMON AVERMENTS

9. Defendant Charter Township of Van Buren hereby incorporates by reference its answers to paragraphs 1 through 8 of this Answer as though fully set forth herein.

10. In answering paragraph 10, the Defendant can neither admit nor deny the majority of the allegations contained therein, having insufficient knowledge upon which to plead, and, as to those allegations, the Defendant leaves the Plaintiff to her proofs. As to the allegations that the Plaintiff improperly or wrongfully has been: a) restricted in her "artistic" expression or performances; b) controlled or suppressed in her "artistic" expression; or c) has experienced a reduced ability to generate income by virtue of any conduct of the Defendant Township are denied as false.

11. In answering paragraph 11, the Defendant admits only that it properly adopted the Nudity on Licensed Premises ordinance, the wording of which the Plaintiff replicates, at least in part, in paragraph 11 of her Complaint.

12. In answering paragraph 12, the Defendant admits only that it properly adopted the Public Indecency ordinance, the wording of which the Plaintiff replicates, at least in part, in paragraph 12 of her Complaint.

13. In answering paragraph 13, the Defendant can neither admit nor deny the allegations contained therein, having insufficient knowledge upon which to plead, and, as to those allegations, the Defendant leaves the Plaintiff to her proofs.

14. In answering paragraph 14, the Defendant only admits that, in paragraph 14 of her Complaint, the Plaintiff replicates, at least in part, portions of the Defendant Township's properly adopted Sexually Oriented Businesses ordinance.

15. In answering paragraph 15, the Defendant denies as untrue the allegations contained therein.

16. In answering paragraph 16, the Defendant denies as untrue the allegations contained therein, including the allegation regarding a purported but non-existent "chilling effect" on the ability of the Plaintiff or any others to "dance and earn a living."

17. In answering paragraph 17, the Defendant can neither admit nor deny the allegations contained therein pertaining to the purported expenditure of time, money and resources, having insufficient knowledge upon which to plead, and leave the Plaintiff to her proofs, but the Defendant Township denies as untrue the allegations that any of its actions were intended to or do impose an improper prior restraint on constitutionally protected activity.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

18. In answering paragraph 18, the Defendant states that, because of her disability by virtue of her age, the Plaintiff was not entitled to any notice regarding the subject injunction, presumably issued in Michigan state court action, or other proper court actions here complained of, including any appeals to any state or federal appellate courts, and no rights of the Plaintiff have been adversely effected.

19. In answering paragraph 19, the Defendant states that the allegations contained in paragraph 19 defy logic and make no sense for the reason that any entity known as "Garter Belt" is not, as alleged by the Plaintiff, a party to this action, and the Defendant Township further answers that the Plaintiff has no legitimate basis upon which to challenge the subject ordinances and that the subject ordinances are not in any way unconstitutional.

## COUNT I
## 1983

20. Defendant Charter Township of Van Buren hereby incorporates by reference its answers to paragraphs 1 through 19 of this Answer as though fully set forth herein.

21. In answering paragraph 21, the Defendant only admits that, in paragraph 21 of her Complaint, the Plaintiff replicates, at least in part, portions of 42 U.S.C. §1983.

22. In answering paragraph 22, the Defendant denies as untrue each and every allegations contained in subparagraphs (a) through (l) of paragraph 22.

23. In answering paragraph 23, the Defendant denies as untrue the allegations contained therein.

## COUNT II
## DECLARATORY JUDGMENT

24. Defendant Charter Township of Van Buren hereby incorporates by reference its answers to paragraphs 1 through 23 of this Answer as though fully set forth herein.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

4

25. In answering paragraph 25, the Defendant admits the allegations contained therein.

26. In answering paragraph 26, the Defendant denies that there is any legitimate or legally cognizable basis for declaring the subject ordinances of the Defendant Township unconstitutional or violative of the Defendant's constitutional rights, and the Defendant Township further denies as untrue the allegations contained in subparagraphs A. through F. of paragraph 26.

27. In answering paragraph 27, the Defendant denies that it is engaging in the improper restriction of expressive speech and denies that there is any legitimate or legally cognizable basis for declaring the subject ordinances unconstitutional.

28. In answering paragraph 28, the Defendant denies that there is any legitimate or legally cognizable basis for declaring the subject ordinances unconstitutional.

29. In answering paragraph 29, the Defendant denies that the Plaintiff has a likelihood of success on the merits of her claims in any fashion, including any alleged public interest.

## COUNT III
## INJUNCTIVE RELIEF

30. Defendant Charter Township of Van Buren hereby incorporates by reference its answers to paragraphs 1 through 29 of this Answer as though fully set forth herein.

31. In answering paragraph 31, the Defendant denies that the Plaintiff is being denied any of her constitutional rights by the Defendant, and the Defendant further denies that there is any legitimate or legally cognizable basis for providing the Plaintiff any injunctive relief, including the injunctive relief sought by subparagraphs (1) and (2) of paragraph 31 of Plaintiff's Complaint.

## COUNT IV
## ATTORNEY FEES

32. Defendant Charter Township of Van Buren hereby incorporates by reference its answers to paragraphs 1 through 31 of this Answer as though fully set forth herein.

33. In answering paragraph 33, the Defendant denies that the Plaintiff ever will be considered the "prevailing party" in this action, and, accordingly, the Plaintiff does not now have and will not have any legitimate entitlement to an award of attorney fees in any way related to this action.

WHEREFORE, Defendant Charter Township of Van Buren respectfully requests that this Honorable Court deny any and all relief requested by the Plaintiff, dismiss the Plaintiff's Complaint with prejudice, enter a judgment of no cause of action in favor of Defendant Charter Township of Van Buren and award to the Defendant its costs and attorney fees so wrongfully incurred.

SOMMERS SCHWARTZ, P.C.

/s/ David J. Szymanski
DAVID J. SZYMANSKI (P40734)
Attorney for Defendant Van Buren Township
2000 Town Center, Suite 900
Southfield, MI  48075-1100
248-355-0300
dszymanski@sommerspc.com

Dated: January 7, 2008

## AFFIRMATIVE DEFENSES

Please be advised that, at the time of trial or before, Defendant Charter Township of Van Buren will assert Affirmative Defenses that include, but are not necessarily limited to, the following:

6

1. The Plaintiff fails to state claims upon which relief can be granted, and the Defendant is entitled to summary judgment in its favor as a matter of law.

2. There are no genuine issues as to any material fact as to the claims of the Plaintiff, and the Defendant is entitled to summary judgment in its favor as a matter of law.

3. The Plaintiff has suffered no cognizable injury at all -- most certainly no injury as the result of any constitutional violations -- and, as a result, the Plaintiff's claims are premature and are not ripe for adjudication.

4. There is no cognizable legal controversy existing between the Plaintiff and the Defendants that is suitable for adjudication.

5. The Plaintiff has suffered no special, actual or other damages in any way attributable to this Defendant.

6. The Plaintiff has failed, in whole or in part, to mitigate her alleged damages.

7. To the extent that the Plaintiff asserts equitable claims, those claims are barred by the doctrines of waiver, estoppel, unclean hands and laches.

8. The claims of the Plaintiff are barred by the applicable statute of limitations.

9. The Plaintiff has not plead and cannot establish any elements, circumstances or injuries required to warrant the injunctive, declaratory and other relief requested.

10. Any actions or regulations of the Defendant complained of by the Plaintiff were not designated nor intended to nor do they improperly suppress protected expression.

11. Any actions or regulations of the Defendant complained of by the Plaintiff were and/or are proper and narrowly tailored regulations designed to address adverse secondary effects.

12. The ordinances of Defendant Charter Township of Van Buren that are the subject of Plaintiff's Complaint are not unconstitutional in any form, fashion or application.

13. The ordinances of Defendant Charter Township of Van Buren that are the subject of Plaintiff's Complaint provide all necessary and reasonable procedural safeguards and already have been determined to be constitutionally complaint by various State of Michigan and federal trial and appellate courts.

14. The ordinances of Defendant Charter Township of Van Buren that are the subject of Plaintiff's Complaint are content neutral and constitutionally compliant in all respects.

15. The ordinances of Defendant Charter Township of Van Buren that are the subject of Plaintiff's Complaint are narrowly tailored to further a substantial and compelling governmental interest.

16. The ordinances of Defendant Charter Township of Van Buren that are the subject of Plaintiff's Complaint constitute the proper exercise of the Defendant's police power under both the U.S. and Michigan constitutions.

17. The ordinances of Defendant Charter Township of Van Buren that are the subject of Plaintiff's Complaint do not serve as a prior restraint and due not violate due process requirements.

18. The claims of the Plaintiffs are barred by the doctrine of res judicata.

19. The claims of the Plaintiffs are barred by the doctrine of collateral estoppel.

20. The Plaintiff's claims are barred by the Rooker/Feldman Doctrine.

21. The conduct attributed to law enforcement or other officials of Defendant Charter Township of Van Buren and of which the Plaintiff complains was, as already judicially determined, proper and undertaken within the context of a legitimate and on-going criminal investigation.

22.     Defendant Charter Township of Van Buren is immune from liability on the Plaintiff's claims on the basis of governmental immunity.

23.     The claims of the Plaintiff are frivolous and have been brought for an improper purpose, thus subjecting the Plaintiff and her counsel to the assessment of sanctions under the applicable Federal Rules of Civil Procedure and statutes.

24.     Defendant Charter Township of Van Buren reserves the right, upon the completion of discovery or before, to file additional affirmative defenses as may be appropriate and necessary.

                                              SOMMERS SCHWARTZ, P.C.

                                              /s/ David J. Szymanski
                                              DAVID J. SZYMANSKI (P40734)
                                              Attorney for Defendant Van Buren Township
                                              2000 Town Center, Suite 900
                                              Southfield, MI 48075-1100
                                              248-355-0300
                                              dszymanski@sommerspc.com

Dated: January 7, 2008

## **DEMAND FOR JURY TRIAL**

NOW COMES Defendant Charter Township of Van Buren, by and through its attorneys, Sommers Schwartz P.C., and hereby demands a trial by jury in the above-entitled cause for all claims subject to such a demand.

                                              SOMMERS SCHWARTZ, P.C.

                                              /s/ David J. Szymanski
                                              DAVID J. SZYMANSKI (P40734)
                                              Attorney for Defendant Van Buren Township
                                              2000 Town Center, Suite 900
                                              Southfield, MI 48075-1100
                                              248-355-0300
                                              dszymanski@sommerspc.com

Dated: January 7, 2008

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

**CERTIFICATE OF SERVICE**

I hereby certify that on **January 7, 2008**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

Michael Donaldson:           chipper31@ameritech.net

    /s/ David J. Szymanski
    DAVID J. SZYMANSKI (P40734)
    Attorney for Defendant Van Buren Township
    2000 Town Center, Suite 900
    Southfield, MI  48075-1100
    248-355-0300
    dszymanski@sommerspc.com

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

2:07-cv-15317-AC-PJK   Doc # 4   Filed 01/07/08   Pg 10 of 10   Pg ID 28

10