UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL LUDWIG,

      Plaintiff,

v.                                       Case No. 07-15317

TOWNSHIP OF VAN BUREN,           HONORABLE AVERN COHN

      Defendant.

_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I. Introduction

This is a First Amendment case. Plaintiff Crystal Ludwig is suing defendant Van Buren Township (Van Buren) under 42 U.S.C. § 1983 claiming that Township Ordinance 2-16-99(2), section 6-69 entitled "Nudity on Licensed Premises" and Ordinance No. 2-16-1994(4), section 58-206 entitled "Public Indecency" violates her violates her First Amendment rights. Both ordinances define nudity and forbid a person from appearing in a pubic state of nudity. Ludwig is an exotic dancer at The Garter Belt, Inc. d/b/a John's Hot Spot (f/k/a Legg's Lounge) located in Van Buren. The Garter Belt is owned by John Hamilton. Ludwig seeks monetary, declaratory and injunctive relief. She essentially claims the nudity ordinances are overbroad. As will be explained, this is one of several lawsuits challenging the nudity ordinances.

Before the Court is Van Buren's motion for summary judgment on the grounds of res judicata. Van Buren specifically contends that the instant case is virtually identical

to a prior case, <u>Bates v. Van Buren Township</u>, No. 02-73692 (E.D. Mich. 2002), which involved the same nudity ordinances and which the Court dismissed on the grounds of res judicata based on prior litigation between Van Buren and The Garter Belt.  For the reasons which follow, the motion will be granted.

II.  Background

Ludwig is nearly 21 years old and has been an exotic dancer at Legg's for three years.  On December 12, 2007, she filed a complaint against Van Buren challenging two nudity ordinances.

The two nudity ordinances were enacted by Van Buren in 1999 and are as follows:

02-16-1999(2), section 6-69 provides (Nudity on Licensed Premises):

(1)     No person, while appearing in a state of nudity as defined by this section, shall frequent, loiter, work or perform in any establishment licensed or subject to licensing by the Michigan Liquor Control Commission.  No proprietor or operator of any such establishment of any person who violates the provisions of this section.

2-16-1999(4), section 58-206 provides (Public Indecency):

(a)     For purposes of this section, "nudity" means the showing of the human male or female genitals, pubic area, or buttocks, with less than a fully opaque covering, the showing of the female breast with less than a fully opaque covering of any part of the nipple and areola, or the showing of the covered male genitals in a discernibly turgid state.  For purposes of this section, nudity shall not include a woman's breast-feeding of a baby whether or not the nipple or areola is exposed during or incidental to the feeding.

(b)     For purposes of this section "public place or vehicle" means any of the streets, alleys, parks, boulevards, schools or other public property in the township, or any dance hall, rental hall, theater, amusement park, liquor establishment, store, depot, place of public accommodation or other private property generally frequented by the public for the purposes of education, recreation, amusement, entertainment, sport, shopping or travel; or any vehicle for public transportation, owned or operated by

2

government, either directly or through a public corporation, or authority, or owned or operated by any nongovernmental agency for the use, enjoyment or transportation of the general public.

(c)   A person who knowingly or intentionally, in a public place or vehicle:
(1)   Engages in sexual intercourse
(2)   Engaged in deviant sexual conduct
(3)   Appears in a state of nudity
(4)   Fondles the genitals of himself or another person; or
(5)   Has committed the crime of public indecency, which is a misdemeanor.

(d)   Every person convicted for a violation of any provision of this section shall be punished . . .

### III.  Prior Litigation

The constitutionality of the nudity ordinances has been the subject of numerous cases between Van Buren and The Garter Belt (either by The Garter Belt itself, its owner John Hamilton, or a dancer at The Garter Belt).[1]  The first of such cases was brought by Van Buren in Wayne County Circuit Court on November 6, 2000, seeking a permanent injunction that would require The Garter Belt to comply with the Nudity on Licensed Premises ordinance.  Van Buren Twp. v. The Garter Belt, No. 00-036479 (Wayne Co. Cir. Ct. 2000) (Garter Belt I).  The Garter Belt raised the defense that the ordinance is unconstitutional.  On December 13, 2000, the Garter Belt removed the case to federal court where it was assigned to another judge in this district.  Van Buren v. The Garter Belt, No. 00-75395 (E.D. Mich. 2000).

Two weeks later, on December 28, 2000, The Garter Belt filed a case in this court against Van Buren challenging the scheme of regulation of Van Buren's Sexually

[1]For a tabular display of the cases, see Appendix A.  The case citations contain slight variations of the parties' names.  For example, Van Buren Township is sometimes cited as Charter Township of Van Buren and The Garter Belt is sometimes cited as The Garter Belt, Inc.  For consistency, the Court cites to the parties as Van Buren Twp. and The Garter Belt.

3

Oriented Businesses (SOBs), including the constitutionality of both nudity ordinances (Garter Belt II).  The Garter Belt v. Van Buren Twp., No. 00-75630 (E.D. Mich. 2000). (Garter Belt II).  Garter Belt I and Garter Belt II were consolidated and heard before the same judge.

In Garter Belt I, following an order to show cause, the district court remanded the case to Wayne County Circuit Court for lack of subject matter jurisdiction on the grounds that the Garter Belt's defenses to the ordinances (that it is unconstitutional) do not provide a basis for federal jurisdiction.  See Van Buren Twp. v. The Garter Belt, No. 00-75395 (E.D. Mich. Jan. 18, 2001).

In Garter Belt II, the district court granted Van Buren's motion to dismiss on the grounds that the court should abstain from hearing the case in deference to Garter Belt I which gave the Garter Belt an adequate opportunity to present all of its claims, state and federal, regarding the nudity ordinances.  See The Garter Belt v. Van Buren Twp., No. 00-75360 (E.D. Mich. June 28, 2001).  The Garter Belt appealed.  The Court of Appeals for the Sixth Circuit affirmed.  The Garter Belt v. Van Buren Twp., No. 01-2093 (6th Cir. June 2, 2003).

Following dismissal of Garter Belt II, The Garter Belt and Van Buren continued to litigate Garter Belt I in state court.  On December 11, 2001, the Wayne County Circuit Court entered a Judgment and Permanent Injunction against The Garter Belt, stating in part that the Nudity on Licensed Premises ordinance "is without constitutional or legal infirmity" and dismissed the Garter Belt's counterclaims.  The Garter Belt appealed. The Michigan Court of Appeals affirmed.  Van Buren Twp. v. The Garter Belt, 258 Mich. App. 594 (2003).  The Michigan Supreme Court denied leave to appeal.  Van Buren

4

Twp. v. The Garter Belt, 470 Mich. 880 (2004).  The United States Supreme Court

denied certiorari.  The Garter Belt v. Van Buren Twp., 543 U.S. 1002 (2004).

In 2001, while Garter Belt I was proceeding, John Hamilton and others filed suit

in this court under § 1983 against various municipalities, including Van Buren, claiming

that defendants conspired to violate their civil rights.  Hamilton v. Hall, 01-74698

(Hamilton).  The case was assigned to the Court.  As part of their claims, plaintiffs also

sought to have the nudity ordinances declared unconstitutional.  After  protracted

discovery, the Court granted defendants' motions for summary judgment.  See Hamilton

v. Hall, No. 01-74698 (E.D. Mich. Aug. 18, 2009); and Hamilton v. Hall, No. 01-74698

(E.D. Mich. Aug. 26, 2009).  Plaintiffs' appeal from these orders is pending in the Sixth

Circuit.  Hamilton v. Hall, 09-2196 (6th Cir. 2009).

Meanwhile, in 2002, Samantha Bates, an exotic dancer at The Garter Belt, filed a

§ 1983 action in this court challenging the constitutionality of the Nudity on Licensed

Premises ordinance.  She also sought money damages.  Bates v. Van Buren Twp., 02-

73692 (E.D. Mich. 2002) (Bates).  The case was assigned to the Court.  In 2003, the

parties filed cross motions for summary judgment.  Because the constitutionality of the

nudity ordinances were being considered by the Michigan Court of Appeals in the

Garter Belt I, the Court dismissed the case without prejudice based on the abstention

doctrine in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800

(1976).

Bates appealed.  The Sixth Circuit affirmed the decision to abstain, but modified

the Court's decision to require a stay of proceedings rather than a dismissal without

prejudice.  Bates v. Van Buren Township, No. 03-2258, 2004 WL 2792483 (6th Cir.

Dec. 6, 2004).

After the Supreme Court denied certiorari in the Garter Belt I, the Court lifted the

stay and requested briefing on "the impact of the state court's decision [in Garter Belt I ]

on Bates's claims and whether any doctrine(s) bar(s) [Bates] from litigating her claims in

this forum."

Following briefing, the Court dismissed the case on the grounds that Bates' claim

was barred by res judicata.  Bates v. Van Buren Twp., No. 02-73692, 2005 WL 1769525

(July 25, 2005).  Bates appealed.  The Sixth Circuit affirmed.  Bates v. Van Buren Twp.,

459 F.3d 731 (2006).  The Supreme Court denied certiorari.  Bates v. Van Buren Twp.,

550 U.S. 935 (2007).

In 2007, Ludwig filed this case.  As noted above, she, like Bates, is an exotic

dancer at The Garter Belt and is challenging the constitutionality of the nudity

ordinances under § 1983.  She, like Bates, seeks money damages.

IV.  Summary Judgment

Summary judgment will be granted when the moving party demonstrates that

there is "no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law."  FED. R. CIV. P. 56(c).  There is no genuine issue of

material fact when "the record taken as a whole could not lead a rational trier of fact to

find for the non-moving party."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

U.S. 574, 587 (1986).

The nonmoving party's response "must set forth specific facts showing that there

is a genuine issue for trial."  FED. R. CIV. P. 56(e).  Showing that there is some

metaphysical doubt as to the material facts is not enough; "the mere existence of a

6

scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion.  See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50.  Additionally, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings.  Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

### V.  Res Judicata

Van Buren contends that Ludwig's claims, like the claims brought by Bates, are barred by res judicata based on the litigation in Garter Belt I.  Van Buren essentially argues that Bates and Ludwig are no differently situated.  The Court agrees.

"It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process."  Hansberry v. Lee, 311 U.S. 32 (1940).  This general rule, however, is subject to several exceptions. Taylor v. Sturgell, ___ U.S. ___, 128 S.Ct. 2161 (2008).  One of these exceptions springs from the doctrine of res judicata.

Federal courts are required to give a state court judgment the same preclusive effect it would be given under the laws of the state that rendered the decision.  28 U.S.C. § 1738 ("The records and judicial proceedings of any court of any such State ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken.");

7

Executive Arts Studio, Inc. v. City of Grand Rapids, 391 F.3d 783, 795 (6th Cir. 2004).

Because the judgment in the original action (Garter Belt I) was entered in Michigan state

court, this Court is bound to give preclusive effect to that judgment to the same extent

that it would be given by a Michigan court.

     According to Michigan law, claim preclusion "bars a second, subsequent action

when (1) the prior action was decided on the merits, (2) both actions involve the same

parties or their privies, and (3) the matter in the second case was, or could have been,

resolved in the first."  Executive Arts Studio, 391 F.3d at 795 (quoting Adair v. State,

470 Mich. 105, 680 N.W.2d 386, 396 (Mich. 2004)).  The Michigan Supreme Court "has

taken a broad approach to the doctrine of res judicata, holding that it bars not only

claims already litigated, but also every claim arising from the same transaction that the

parties, exercising reasonable diligence, could have raised but did not."  Adair v. State

of Michigan, 470 Mich. 105, 120 (2004) (citing Dart v. Dart, 460 Mich. 573, 586 (1999)).

     Examining the relevant factors, as the Court did in Bates, results in a finding of

res judicata.  Ludwig argues, as did Bates, that she was not a party to Garter Belt I and

did not know of the action (having been a minor at the time it was filed), she is not

barred by res judicata.  This argument implicates the scope of the concept of "privity."

     The Michigan Supreme Court explained the concept of privity in the context of

res judicata:

        To be in privity is to be so identified in interest with another party that the
first litigant represents the same legal right that the later litigant is trying to assert.
Baraga Co. v. State Tax Comm., 466 Mich. 264, 269-270, 645 N.W.2d 13 (2002).
The outer limit of the doctrine traditionally requires both a "substantial identity of
interests" and a "working functional relationship" in which the interests of the
nonparty are presented and protected by the party in the litigation.  Id., quoting
Baraga Co. v. State Tax Comm., 243 Mich. App. 452, 456, 622 N.W.2d 109

(2000), citing <u>Phinisee v. Rogers</u>, 229 Mich. App. 547, 553-554, 582 N.W.2d 852 (1998). ...

Thus, **for the purposes of the second <u>Sewell</u> factor, a perfect identity of the parties is not required, only a "substantial identity of interests" that are adequately presented and protected by the first litigant**. ...

<u>Adair</u>, 470 Mich. at 122 (emphasis added).

Here, Ludwig and The Garter Belt, like Bates and The Garter Belt, clearly have a "substantial identity of interests:" that the ordinance be struck down on constitutional grounds. Ludwig works at the same establishment which litigated the case in state court. Ludwig's interest was presented and protected by The Garter Belt before the Michigan courts. The Garter Belt presented a First Amendment challenge to the nudity ordinances. The Garter Belt argued that the nudity ordinances constituted a prior restraint on the First Amendment. The Michigan Court of Appeals disagreed, stating:

Although being "in a state of nudity" is not an inherently expressive condition," <u>Pap's</u> <u>supra</u> at 289, 120 S. Ct. 1382 nonobscene nude dancing may be a form of expression falling within the outer limits of the First Amendment, <u>Jott,</u> <u>supra</u> at 526, 569 N.W.2d 841, citing <u>Barnes</u> <u>supra</u> at 565-566, 111 S. Ct. 2456. On the other hand, the First Amendment does not protect nude dancing involving lewd, sexual activity. <u>Michigan ex rel Wayne County Co. Prosecutor v. Dizzy Duck</u>, 449 Mich. 353, 360-361, 365, 535 N.W. 2d 178 (1995). So a censor's effort to ban nude dancing because it is obscene may experience difficulties in separating nonobscene expressive conduct from obscene nude dancing. **Defendant's argument fails because neither plaintiff's ordinance nor the injunction at issue here totally bans nude dancing on the basis that it is obscene; the ordinance and the order to comply with the ordinance only prohibit nude dancing at a place where liquor is sold**. <u>Jott,</u> <u>supra</u> at 538, 569 N.W.2d 841. The "critical fact is that [the ordinance and the injunction enforcing it] has not forbidden [nude dancing] across the board." <u>Id.</u>, quoting <u>LaRue,</u> <u>supra</u> at 118, 93 S. Ct. 390.

<u>Garter Belt I</u>, 258 Mich. at 624-25 (emphasis added). Thus, The Garter Belt raised the very claim Ludwig seeks to raise here - that the ordinance violates the First Amendment. Under these circumstances, Ludwig is in privity with the Garter Belt for

purposes of res judicata.

Moreover, the Sixth Circuit affirmed the dismissal of Bates' action on the grounds

of res judicata, specifically finding that Bates was in privity with The Garter Belt.  The

Sixth Circuit explained:

> Bates's case satisfies each of the components discussed in Adair.  First,
> Bates and The Garter Belt had a substantial identity of interests because each
> sought a facial invalidation of the ordinance.  It is of no moment that The Garter
> Belt was a defendant in the earlier action whereas Bates is a plaintiff here; Adair
> speaks of "interests," and offers only as an example of parties with identical
> interests those who seek the same relief.  Accordingly, Adair has often been
> invoked to bar later actions by parties who were previously defendants (or their
> privies) notwithstanding that they sought no relief in the earlier cases.  See, e.g.,
> Reed v. City of Detroit, 2005 WL 176665, No. 247557, 2005 Mich.App. LEXIS
> 172 (Mich.Ct.App. Jan. 27, 2005) (unpublished) (barring action by a subsequent
> owner- i.e., a privy of the prior owner-against the city based upon earlier tax
> foreclosure action against the prior owner).  Nor do Bates's interests diverge from
> The Garter Belt's because she seeks damages in addition to declaratory relief.
> The only basis she alleges for such damages is the ordinance's facial
> unconstitutionality, so the substance of her complaint remains on all fours with
> The Garter Belt's defense in the earlier action.  Second, Bates and The Garter
> Belt, the only club where she danced, had no less a "working functional
> relationship" than did the parties considered in Adair.  Third, Bates's interests
> were presented and protected by The Garter Belt in the previous litigation.  Had
> The Garter Belt avoided the injunction in any way, Bates would have been free to
> dance as she had before the ordinance's passage.  And had The Garter Belt
> prevailed in its defense that the ordinance was facially unconstitutional, Bates
> would have had no reason to seek the same declaration.
>
> Indeed, the case for privity is stronger here than it was in Adair, as Bates not only
> seeks the same declaration that the Michigan courts refused to make, but also
> prays for that relief with arguments identical to those that the Michigan courts
> rejected.  In Garter Belt I, The Garter Belt opposed the injunction by arguing
> (among other things) that "the township's prohibition of nudity in establishments
> that serve alcohol [was] unconstitutionally overbroad." 673 N.W.2d at 132.  And,
> as Bates's briefs make clear, and as her counsel confirmed at oral argument,
> Bates's only challenge is that the ordinance is overbroad.  The Michigan courts
> rejected The Garter Belt's arguments that the ordinance would improperly
> prohibit plunging necklines, thong bikinis, and semi-nude theatrical performances
> such as Hair, Oh! Calcutta, Salome, and Dance of the Seven Veils. 673 N.W.2d
> at 132-34.  Bates now asks this court to find the ordinance unconstitutional
> because it would prohibit plunging necklines, thong bikinis, and Hair, Oh!

10

Calcutta, Salome, and Dance of the Seven Veils. (See Bates Br. 33.) There is
simply no way to consider her arguments without revisiting the very matter the
Michigan courts decided and the United States Supreme Court refused to review.

Bates v. Van Buren Twp., 459 F.3d at 735-36.

Ludwig argues, however, that because her claim had not "accrued" at the time

The Garter Belt was being litigated (because she was a minor), and to apply res

judicata would deny her due process.  This argument appears to be based on the

contention that a view of Michigan preclusion law that finds the similarity of the

constitutional challenges alone sufficient to constitute privity is contrary to the Due

Process Clause of the Fourteenth Amendment as applied in Richards v. Jefferson

County, 517 U.S. 793 (1996).  In Richards, the Supreme Court held that a class of

taxpayers could proceed with their suit against the county, even though another court

had upheld the county's occupation tax in a suit brought by several individual taxpayers.

116 S.Ct. at 1768.  The Supreme Court held that the two sets of litigants were

"strangers" to one another, and that due process concerns prevented the Court from

barring the second lawsuit.  Id.  The Supreme Court further held that a state court's

'extreme' application of state res judicata principles to bar a nonparty to a previous

judgment from pursuing constitutional claims deprived that party of Fourteenth

Amendment due process.  Bates did not make such an argument, which the Sixth

Circuit noted, as follows:

> we note that Bates has not challenged Michigan's res judicata doctrine as
> unconstitutional under Richards v. Jefferson County, 517 U.S. 793, 116 S.Ct.
> 1761, 135 L.Ed.2d 76 (1996).  In Richards, the Court held that a state court's
> "extreme" application of state res judicata principles to bar a "stranger" to a
> previous judgment from pursuing her constitutional claims deprived that party of
> Fourteenth Amendment due process.  517 U.S. at 797, 802, 116 S.Ct. 1761.
> Richards did not concern a series of facial challenges, so it is quite possibly

11

distinguishable from this case.  Either way, the issue is not properly before the
court, as Bates has not raised the argument.

Bates, 459 F.3d at 737.

Applying Michigan's principles of res judicata to bar Ludwig from pursuing her
claim does not offend due process.  Like Bates, Ludwig seeks to bring the same claim
at did the The Garter Belt - a facial challenge to the nudity ordinances.  Richards did not
involve a facial challenge.  Ludwig fails to explain how her claim differs from The Garter
Belt's claim or Bates' claim.  It is hard to imagine that The Garter Belt, Ludwig's
employer, did not adequately represent her interest in challenging the constitutionality of
the nudity ordinances, particularly given that The Garter Belt explored every appellate
avenue.  Even if Adair represents the "outer limit" of finding nonparty preclusion under
Michigan law, as the Sixth Circuit noted, Ludwig's interest is even closer to The Garter
Belt's than the interests in Adair.

Moreover, the Supreme Court's recent decision in Taylor v. Sturgell, __ U.S. ___,
128 S.Ct. 2161 (2008) does not change this conclusion.  In Taylor, the Supreme Court
rejected the theory of virtual representation to establish privity for res judicata purposes.
But the Supreme Court expressly limited its holding to federal cases:

> The preclusive effects of a judgment in a federal-question case decided by a
> federal court should instead be determined according to the established grounds
> for nonparty preclusion described in this opinion.

__ U.S. ___, 128 S.Ct. at 2178.  Here, as noted above, Michigan preclusion law applies
and the Supreme Court has held that "[s]tate courts are generally free to develop their
own rules for protecting against the relitigation of common issues or the piecemeal
resolution of disputes," with the caveat that "extreme applications of the doctrine of res

12

judicata may be inconsistent with a federal right that is 'fundamental in character.' "

Richards 517 U.S. at, 797 (quoting Postal Tel. Cable Co. v. Newport, 247 U.S. 464

(1918)).

Put simply, this is not an "extreme" case in which res judicata has been applied

so as to violate Ludwig's fundamental right to due process.  Therefore neither Taylor nor

Richards warrants a finding that Ludwig's claims are not barred by res judicata.

Ludwig is no different from Bates.  The result for both must be the same.

V.  Conclusion

For the reasons stated above, Van Buren's motion for summary judgment is

GRANTED.  This case is DISMISSED.

SO ORDERED.

 s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  January 13, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, January 13, 2010, by electronic and/or ordinary mail.

 s/ Julie Owens
Case Manager, (313) 234-5160